IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOE NEGUSE, in his official capacity as a Member of the U.S. House of Representatives, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT *et al.*,<br><br>*Defendants*. | Case No. 1:25-cv-2463-JMC |

**DECLARATION OF REPRESENTATIVE ROBERT GARCIA**

I, Robert Garcia, declare as follows:

1. I am a member of the U.S. House of Representatives, representing California's 42nd congressional district. I have been a Member of Congress since 2023.

2. Since June 2025, I have served as the ranking member of the Committee on Oversight and Government Reform, which is the chief investigative body in the House of Representatives. Prior to that, I served on both the Committee on Oversight and Government Reform and the Committee on Homeland Security.

3. I have personal knowledge of the facts and information in this declaration. I respectfully provide this declaration to explain how the unlawful, new oversight visit policy of the Department of Homeland Security (DHS) and Immigration and Customs Enforcement (ICE) prevents me from performing my oversight duties as a member of Congress and significantly harms my ability to serve my constituents.

**DHS and ICE Oversight Activities**

4. As current ranking member of the Oversight and Government Reform Committee, as a Member of Congress representing a district with a large immigrant population, and as an immigrant to the United States, I have been actively engaged in oversight of DHS and ICE.

5. ICE's Field Office located within the Roybal Federal Building in downtown Los Angeles, California, is located near my district. This includes a facility used by ICE's Enforcement and Removal Operations (ERO) at 300 N. Los Angeles St (the LA Field Office). It is thus in my interest, and the interest of my constituents, to be able to conduct oversight of this facility to ensure that any individuals being detained at this facility are treated humanely and in compliance with all relevant federal laws. ICE also has a field office in Long Beach, California, which is located in my district.

6. In-person visits, both announced and unannounced, are an indispensable tool to my ability to conduct oversight. There is no substitute for directly observing conditions with my own eyes and speaking directly with impacted individuals in the environments where I am collecting information and performing oversight.

7. On April 22, 2025, I traveled to El Salvador, along with Representatives Maxwell Alejandro Frost, Yassamin Ansari, and Maxine Dexter, to perform individual Member oversight of cases of alleged improper deportation of individuals to a notorious Salvadoran detention facility. These cases included those of Kilmar Abrego Garcia, a 29-year old Maryland man, whom the Trump Administration deported due to "administrative error," and Andry Jose Hernández Romero, a gay hair stylist, who had fled his home country due to persecution over his sexual orientation and political beliefs and was allegedly misidentified as a gang member based on his tattoos.

8. On this trip, I was denied the opportunity to meet with Mr. Garcia, Mr. Hernandez Romero, any other detained individuals, or to tour the detention facility by the El Salvador

government. Instead, I met with U.S. Ambassador William H. Duncan at the U.S. Embassy in El Salvador and requested additional information about the cases of Mr. Garcia and Mr. Hernandez Romero.

9. These on-the-ground oversight visits and activities are interconnected with other activities I have undertaken to investigate immigration detention and to craft relevant legislation. For example, I have sent oversight letters (a) to DHS and ICE officials inquiring into the circumstances of Mr. Hernández Romero's misidentification as a gang member,[1] (b) to a private prison contractor regarding its role in identifying individual gang members and what protections are in place to avoid unreliable determinations,[2] and (c) requesting a briefing from DHS on reported immigration visits to Los Angeles-area elementary schools.[3] I have also requested an investigation by the Government Accountability Office regarding medical care provided to migrants at immigration detention facilities.

10. In addition, on July 1, 2025, I led all Oversight and Government Reform Committee Democrats in sending a letter to Defendant Noem, seeking, among other things, additional information on the number of congressional visit requests to DHS facilities that have been denied and the reasons for the denials.[4]

---

[1] Letter from Robert Garcia to Acting ICE Director Tae Johnson, Apr. 17, 2025, https://robertgarcia.house.gov/sites/evo-subsites/robertgarcia.house.gov/files/evo-media-document/ice-oversight-hernandez-romero-4.17.25.pdf.

[2] Letter from Robert Garcia to Damon T. Hininger, President and CEO, CoreCivic, Apr. 17, 2025, https://robertgarcia.house.gov/sites/evo-subsites/robertgarcia.house.gov/files/evo-media-document/core-civic-oversight-hernandez-romero-4.17.25.pdf.

[3] Letter from Robert Garcia et al. to DHS Secretary Kristi Noem, Apr. 11, 2025, https://ca-times.brightspotcdn.com/72/a1/ab60e2544d24af8069aef23b9c08/quill-letter-11.pdf.

[4] Letter from Robert Garcia et al. to DHS Secretary Kristi Noem, July 1, 2025, https://oversightdemocrats.house.gov/sites/evo-subsites/democrats-oversight.house.gov/files/evo-media-document/2025-07-01-rg-et-al-to-dhs%27-secretary-noem-re-ice.pdf.

11. I have also introduced legislation to address issues I have observed and identified through my oversight of DHS. In April 2025, I re-introduced the Securing Help for Immigrants Through Education and Legal Development Act (SHIELD Act), which would provide immigrants with access to high-quality legal representation during immigration court proceedings.[5] I previously introduced the SHIELD Act in the 118th Congress.

12. In January 2025, I re-introduced the ICE Security Reform Act, which would restructure ICE and move Homeland Security Investigations (HSI) out of ICE's control.[6] I previously introduced the ICE Security Reform Act in the 118th Congress.

13. In May 2025, during a House Committee Homeland Security hearing, I questioned Secretary Noem regarding her understanding of the Fifth Amendment's applicability to citizens and noncitizens alike, ICE's policy of failing to provide due process to individuals with pending asylum claims, and the disappearance of Andry José Hernández Romero, a Venezuelan asylum seeker who was removed to El Salvador's CECOT prison. I stated that Secretary Noem was violating the Fifth Amendment and breaking her oath of office by deporting U.S. citizens and others without due process of law.[7]

---

[5] *Congressman Robert Garcia Reintroduces SHIELD Act to Strengthen Access to Legal Assistance for Immigrants*, Apr. 30, 2025, https://robertgarcia.house.gov/media/press-releases/congressman-robert-garcia-reintroduces-shield-act-strengthen-access-legal.

[6] *Congressman Robert Garcia Reintroduces the ICE Security Reform Act to Establish Homeland Security Investigations (HSI) as Stand-Alone Agency*, Jan. 24, 2025, https://robertgarcia.house.gov/media/press-releases/congressman-robert-garcia-reintroduces-ice-security-reform-act-establish.

[7] *A New Era of Homeland Security: A Review of the Fiscal Year 2026 Budget Request for the Department of Homeland Security*, May 14, 2025, video starting at 3:21:05, https://homeland.house.gov/hearing/a-new-era-of-homeland-security-a-review-of-the-fiscal-year-2026-budget-request-for-the-department-of-homeland-security/.

**Defendants' Unlawful Obstruction of July 24, 2025 Oversight Visit**

14. Following the July 1, 2025 letter that I wrote to Secretary Noem regarding DHS and ICE's denial of congressional visits to ICE facilities and amid numerous reports of ICE activities in and around my district, I decided to conduct oversight of an ICE facility.

15. Specifically, my staff saw reports that at the LA Field Office, many individuals were crammed in a small concrete room in the basement with an exposed toilet, meals were provided at infrequent and random times, and the facility lacked basic hygiene. There were also reports that many individuals have been held overnight without beds or general medical care.

16. On Wednesday, July 23, 2025, at my direction, my staff emailed the Assistant Field Office Director (AFOD) of ERO in Los Angeles, to inform her that I intended to visit the LA Field Office at 300 N. Los Angeles Street, located within the Roybal Federal Building. In that email, my staff noted that I was "authorized by Sec. 527 of PL 118–47," to visit the facility.

17. The AFOD responded to the written notice by email the same day, referencing Defendants' new oversight visit policy, stating "the Department requires requests be made a minimum of seven (7) calendar days in advance to schedule visits to DHS detention facilities. . . . Only Members and congressional staff scheduled and confirmed for the visit will be allowed to participate."

18. A true and correct copy of that email correspondence is attached as Exhibit A.

19. The AFOD did not schedule or confirm a visit for me.

20. On July 24, 2025, I traveled to the LA Field Office in downtown Los Angeles, California, to conduct the oversight visit. I arrived before 10:00 am. The facility does not have an unlocked door; there is an intercom where visitors must ask for access before entering. I identified myself through the intercom as a Member of Congress. Around fifteen minutes later, the person on the intercom with whom I spoke asked if I was requesting to do a walk-through. I responded that I

5

was, and that Members of Congress can make visits at facilities with no advance notice, and that I wanted to check conditions and do a walk-through.

21.     The person responded that they had asked their "management," and said that "We're not considered a facility. You will have to go to the Adelanto Detention Facility," a facility located about 85 miles from downtown Los Angeles.

22.     I responded that I was taking this as a denial from ICE of my request to conduct oversight at a detention facility. I noted that I thought that Members of Congress have the ability to do so and ended the conversation.

23.     I left the facility without being able to conduct oversight of the facility. I continue to lack information regarding the conditions of detention at the LA Field Office.

**The Significant, Irreparable Harm from Defendants' Unlawful Obstruction**

24.     Federal law requires DHS to allow any Member of Congress to visit any DHS detention facility for the purpose of conducting oversight without providing advance notice. It is critical for me to understand how appropriated funds are being used in real time on the ground in immigration detention, both in my official capacity as a Member of Congress and by virtue of my role as ranking member of the Oversight and Government Reform Committee. This close oversight also informs each of us on how to best serve our constituents—especially those of us who represent districts where DHS facilities are located or nearby. My district contains a large undocumented population, which has been the victim of significant enforcement actions by ICE.

25.     The inability to access the LA Field Office both increases the impunity with which ICE may act and hampers my ability to be responsive to my constituents, whether I hear about issues or concerns through whistleblower complaints, reports from family or friends of detainees, or press reports.

26. I intend to visit the LA Field Office again for purposes of conducting oversight and to address the concerns of my constituents.

27. Defendants' refusal to permit me to conduct tours at detention facilities without seven days' notice, and at field offices under any circumstances, hinders my ability to perform my duties as a Member of Congress.

28. Without adequate oversight, I am less able to serve my constituents, to ensure that DHS and ICE are acting consistent with the law, and to craft relevant legislation going forward.

I declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge.

Executed this __8__ day of August 2025 in __Long Beach, CA__.

_____
ROBERT GARCIA

# GARCIA EXHIBIT A

| | |
|---|---|
| Subject: | RE: Congressman Garcia ICE facility visit |
| Date: | Wednesday, July 23, 2025 at 5:40:15 PM Pacific Daylight Time |
| From: | Sifuentes, Joanna <Joanna.Sifuentes@ice.dhs.gov> |
| To: | Bower, Andrew <Andrew.Bower@mail.house.gov> |

Good afternoon,

Please note the Department requires requests be made a minimum of seven (7) calendar days in advance to schedule visits to DHS detention facilities. Any requests to shorten that time must be approved by the DHS Secretary.

Visit requests should be submitted during normal business hours to OCR at CongressToICE@ice.dhs.gov. Visit requests are not considered actionable until OCR acknowledges receipt of the request to the requestor. Requests received after hours or on weekends/holidays will be confirmed on the next business day. OCR will work with the appropriate ICE Field Office to coordinate the visit request and will confirm details as soon as practicable.

Visit requests should include the date of the proposed visit, the visit location, the duration of the visit, and the names and titles of all participants. Only Members and congressional staff scheduled and confirmed for the visit will be allowed to participate.

Thank you.

Joanna Sifuentes
Assistant Field Office Director
Los Angeles
Media|Congressional|Outreach
Department of Homeland Security
U.S. Immigration and Customs Enforcement (ICE)
Enforcement and Removal Operations (ERO)
Office: (213) 830-5907
Joanna.sifuentes@ice.dhs.gov

**Warning: This document is UNCLASSIFIED//FOR OFFICIAL USE ONLY (U//FOUO).** It contains information that may be exempt from public release under the Freedom of Information Act (5 U.S.C. 552). It is to be controlled, stored, handled, transmitted, distributed, and disposed of in accordance with DHS policy relating to FOUO information and is not to be released to the public or other personnel who do not have a valid "need-to-know" without prior approval of an authorized DHS official. **No portion of this report should be furnished to the media, either in written or verbal form.**

---

**From:** Bower, Andrew <Andrew.Bower@mail.house.gov>
**Date:** Wednesday, Jul 23, 2025 at 10:21 AM
**To:** Sifuentes, Joanna <Joanna.sifuentes@ice.dhs.gov>
**Subject:** Congressman Garcia ICE facility visit

> You don't often get email from andrew.bower@mail.house.gov. Learn why this is important

> **CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

Joanna—hope you are well. Just wanted to let you know that as authorized by Sec. 527 of PL 118–47, Congressman Garcia plans to visit holding facilities at 300 N. Los Angeles tomorrow. Thank you!

**Andrew Bower**
*Deputy Staff Director*
(202) 809-6972 | Andrew.Bower@mail.house.gov
4100 O'Neill House Office Building