IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOE NEGUSE, in his official capacity as a Member of the U.S. House of Representatives, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT *et al.*,<br><br>*Defendants*. | Case No. 25-cv-2463-JMC |

**JOINT STATUS REPORT**

Pursuant to the Court's October 22, 2025 minute order, the parties provide the following status report:

**1.** On October 21, Defendants filed a notice and declaration stating that "ICE is incurring obligations in advance of FY2026 appropriations, and those obligations are not subject to" the congressional oversight provision in section 527. Defs.' Notice at 1, ECF No. 32.

**Plaintiffs' Position**

**2.** Plaintiffs have no evidence to contradict—or confirm—the information that Defendants provided regarding the source of their funding during the lapse in appropriations. Plaintiffs note, however, that Defendants are refusing to allow *any* congressional oversight whatsoever at ICE facilities during the lapse in appropriations, even though ICE arrests and detention operations have far surpassed historic levels and are continuing apace. At the same time, Plaintiffs are aware of at least one instance in which Defendants facilitated tours of the Camp East Montana ICE facility in El Paso, Texas, for local officials during this shutdown, even while refusing to permit entry to Representative Escobar or members of her staff for oversight purposes. In addition, Plaintiffs note

that some, if not all, internal DHS oversight officials have been placed in furlough status during the shutdown.[1] This complete lack of oversight during the shutdown only increases the urgency of the relief that Plaintiffs seek and the importance of obtaining that relief as soon as possible.

**3.** The government-wide lapse in appropriations does not ultimately affect Plaintiffs' position on their pending motion for a section 705 stay. Defendants used funding subject to section 527 in both adopting the challenged oversight visit policy and in implementing that policy by denying members of Congress access to ICE facilities prior to the shutdown. All legislative proposals for ending the current lapse in appropriations being considered in Congress continue the limitations of section 527. Plaintiffs therefore have every expectation that Defendants are and will be subject to the limitations of section 527 with respect to the expenditure of fiscal year 2026 appropriations, including their expenditures during the pendency of the shutdown. In light of this, Plaintiffs take no position on the appropriateness of a stay of this litigation at this time.

**4.** If the Court were to grant Defendants' request for a stay, Plaintiffs request that the stay be lifted immediately after a law is enacted providing annual funding for DHS.

**Defendants' Position**

**5**. In response to Plaintiffs' statement that Defendants are "refusing to allow any congressional oversight visits during the lapse in appropriations," Defendants state that the Anti-Deficiency Act, 31 U.S.C. § 1342, does not authorize "ongoing, regular functions of government the suspension of which would not imminently threaten the safety of human life or the protection of property" absent appropriated funds. In response to Plaintiffs' statement that "some, if not all, internal DHS oversight officials have been placed on furlough status," Defendants state that some, but *not* all, of the DHS officials responsible for oversight and compliance have been furloughed.

---

[1] Douglas MacMillan, *ICE closes detention oversight group in shutdown despite surge in detainees*, Wash. Post (Oct. 7, 2025), https://www.washingtonpost.com/business/2025/10/07/ice-detention-centers-oversight-shutdown.

**6.** Defendants maintain their opposition to Plaintiffs' motion for stay under 5 U.S.C. § 705 or, in the alternative, for preliminary injunction for the reasons Defendants set out in their opposition, *see* ECF No. 20. The arguments advanced in Defendants' opposition are not impacted by the lapse of appropriations.

**7.** However, because ICE is not currently funding any detention operations with appropriations that were subject to Section 527, Defendants believe that a stay of this case is appropriate during the pendency of the shutdown. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

**8.** Defendants believe a stay is appropriate because Plaintiffs can no longer assert an emergency to justify prospective emergency relief based on Defendants' alleged violations of Section 527. Following the lapse of appropriations, ICE ceased funding the operation of its detention facilities (including the adoption and implementation of the Congressional visitation protocols at issue in this action) with any funds that were appropriated subject to Section 527. *See* ECF No. 32. Accordingly, insofar as any funds are being used to prevent any Plaintiffs from conducting oversight visits of ICE detention facilities, those funds are not subject to Section 527 and any injury that Plaintiffs are suffering cannot be attributed to any violation of Section 527. For this very reason, Plaintiffs in their Reply "d[id] not dispute" that "'any relief awarded must be limited to enforcing [the] limitation' in section 527." ECF No. 29 at 32 (quoting ECF No. 20 at 44). But because ICE is not currently funding any detention operations with appropriations that were subject to Section 527, this Court cannot currently provide Plaintiffs with meaningful relief by enforcing the limitation in Section 527 (as construed by Plaintiffs).

**9.** Defendants therefore submit that judicial and party resources are best preserved for other matters in the absence of any ongoing violations of Section 527 that could justify emergency relief. Those resource concerns are particularly acute because, absent an appropriation, Department of Justice attorneys and employees of many of the Defendants are prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342. Visitation protocols that require seven-days' advance notice before a Member of Congress may conduct an oversight visit of ICE detention facilities do not present such an emergency.

**10.** Defendants further submit that the separation-of-powers concerns implicated by this interbranch dispute, *see* ECF No. 20 at 23-24; 41-42, weigh heavily in favor of a stay. Even if it were possible that ICE detention operations would again be funded by appropriations subject to Section 527 or an equivalent provision at some indefinite point in the future, that mere possibility provides insufficient basis for this Court to wade into a dispute between the political branches.

**11.** The parties propose that they file a further joint status report no later than three business days after a law is enacted that provides annual funding for DHS.

October 27, 2025

BRETT A. SHUMATE
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

*/s/ Alexander W. Resar*
INDRANEEL SUR
(D.C. Bar No. 978017)
Senior Counsel
ALEXANDER W. RESAR
(N.Y. Bar No. 5636337)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20530
Tel:  (202) 616-8188
E-mail: alexander.w.resar@usdoj.gov

*Counsel for Defendants*

Respectfully submitted,

*/s/ Christine L. Coogle*
Christine L. Coogle (D.C. Bar No. 1738913)
Lisa Newman (TX Bar No. 24107878)
Paul R.Q. Wolfson (D.C. Bar No. 414759)
Brian D. Netter (D.C. Bar No. 979362)
Josephine T. Morse (D.C. Bar No. 1531317)
Skye L. Perryman (D.C. Bar No. 984573)

DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
ccoogle@democracyforward.org

Daniel Martinez
D.C. Bar No. 90025922
Ronald A. Fein
D.C. Bar No. 90026641
Katherine M. Anthony
D.C. Bar No. 1630524
Jessica Jensen
D.C. Bar No. 1048305

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 897-2465
danny.martinez@americanoversight.org

*Counsel for Plaintiffs*