UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOE NEGUSE, in his capacity as a Member of the U.S. House of Representatives, *et al.*,

Plaintiffs,

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,

Defendants.

Case No. 25-cv-2463 (JMC)

**ORDER**

At today's hearing, Plaintiffs requested that the Court extend its temporary restraining order (TRO), ECF 52, pending resolution of their request for a stay under Section 705 of the APA. As noted at the hearing, the Court **GRANTS** the request.

Under Federal Rule of Civil Procedure 65(b)(2), a TRO *without* notice is valid for a period "not to exceed 14 days . . . unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." Fed. R. Civ. P. 65(b)(2). The Rule does not speak to the timeline for TROs entered *with* notice, as was the Court's February 2, 2026 order, but courts have found that the Rule 65 allows for good-cause extension of such TROs by an additional fourteen days. *See, e.g.*, *Widakuswara v. Lake*, No. 25-cv-1015, 2025 WL 1176991, at *1 (D.D.C. Apr. 18, 2025) (finding that "the 14-day time limit on TROs as contemplated by [Rule 65] only applies to TROs issued without notice" but nevertheless only extending a TRO granted with notice within the twenty-eight day window contemplated by Rule 65); *Dellinger v. Bessent*, 768 F. Supp. 3d 30, 32 (D.D.C. 2025) (finding that an additional "fourteen-day extension for good cause applies to a TRO entered with notice").

1

The Court finds that good cause exists to extend the February 2 TRO until the Court rules on Plaintiffs' motion for preliminary relief, with the extension not to exceed March 2, 2026. Courts have found good cause when the "Court needs time to consider [a] . . . motion for a preliminary injunction" and the arguments presented by the parties. *Climate United Fund v. Citibank, N.A.*, No. 25-cv-698, 2025 WL 1567633, at *2 (D.D.C. Mar. 31, 2025) (quoting *Costa v. Bazron*, No. 19-cv-3185, 2020 WL 2410502, at *3 (D.D.C. May 11, 2020)); *see also Dellinger v. Bessent*, No. 25-5028, 2025 WL 559669, at *3 (D.C. Cir. Feb. 15, 2025) (per curiam) ("The district court typically keeps a TRO in place only until it can hold a hearing on a request for a preliminary injunction and issue a ruling on the preliminary injunction."). The extension, set to begin on the expiration of the original fourteen-day limit, and not to exceed the fourteen additional days as contemplated by Rule 65, will provide the Court sufficient time to thoroughly and comprehensively address the arguments of the Parties in their briefing, including the significant new issues raised by Defendants' injection of the February 2, 2026 memorandum into these proceedings. *See* ECF 55-1.

Accordingly, it is hereby

**ORDERED** that the temporary restraining order, ECF 52, will remain in effect until either the date of the Court's ruling on Plaintiffs' Section 705 stay motion, or March 2, 2026, whichever date is earlier.

**SO ORDERED.**

                                                                                 _____

                                                                                 JIA M. COBB
                                                                                 United States District Judge

Date: February 12, 2026