**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOE NEGUSE, in his official capacity as a Member of the U.S. House of Representatives, *et al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT *et al.*,<br><br>    *Defendants*. | Case No. 25-cv-2463-JMC |

**DEFENDANTS' OPPOSED MOTION FOR STAY OF DISTRICT COURT
PROCEEDINGS PENDING APPEAL**

Defendants respectfully move to stay all proceedings in this case—including, *nunc pro tunc*, Defendants' deadline to serve a responsive pleading—pending resolution of Defendants' appeal from this Court's order entering a stay pursuant to 5 U.S.C. § 705. Defendants specifically request that the Court stay all deadlines pending an order from this Court following a joint status report proposing deadlines for further proceedings, with such status report to be filed within 14 days from the expiration of the time to seek certiorari, from any order denying certiorari, or, if certiorari is granted, from any opinion issued by the Supreme Court following a grant of certiorari. Counsel for Plaintiffs stated that Plaintiffs intend to file a partial opposition to this motion. Good cause supports this motion for the following reasons:

1. Plaintiffs filed this action on July 30, 2025, to challenge a visitation policy of the Department of Homeland Security (DHS) for Members of Congress conducting oversight visits at U.S. Immigration and Customs Enforcement (ICE) detention facilities. *See* ECF No. 1. Plaintiffs then moved for a stay under 5 U.S.C. § 705 or, in the alternative, for preliminary injunction on August

8, 2025.  *See* ECF No. 17.  On December 17, 2025, this Court granted that motion.  *See* ECF No. 37.

The government did not appeal from that order.

2.      Instead, on January 8, 2026, DHS issued a new policy under a new source of funds.

*See* ECF No. 39.  While the January 2026 policy also requires seven days' notice like the previously-

enjoined policy, it requires that ICE "implement[] and enforce[]" it "exclusively with money

appropriated by the OBBBA." *Id.* at Ex. A.  Shortly after the government adopted the January 2026

policy, Plaintiffs filed a motion for an order to show cause, contending that the January 2026 policy

represented a violation of the district court's order staying the June 2025 policy.  *See* ECF No. 40.  The

Court denied that motion, ECF No. 46.  Plaintiffs then moved to amend their complaint, ECF No.

48, and moved for a temporary restraining order or stay pursuant to 5 U.S.C. § 705, ECF No. 49.  The

Court granted Plaintiffs' motion to amend their complaint by Minute Order dated January 26, 2026.

The Court granted the requested temporary restraining order, ECF No. 52, and subsequently extended

it through early March 2026, ECF No. 58.

3.      Shortly before that temporary restraining order was set to expire, the district court

stayed the new policy pursuant to 5 U.S.C. § 705 on March 2, 2026.  ECF No. 62.  Defendants noticed

their appeal that same day.  ECF No. 63.  Defendants' appeal raises all of the issues that were addressed

by this Court's stay order and that would be before this Court in any further litigation, including

whether Plaintiffs have Article III standing, whether their claims are precluded by the Anti-Deficiency

Act, and whether the visitation policy is consistent with the appropriations rider upon which Plaintiffs

rely.

4.      Because Plaintiffs' amended complaint was served on January 26, 2026, Defendants

deadline to serve a responsive pleading to the amended complaint was February 9, 2026.  *See* Fed. R.

Civ. P. 15(a)(3).  Good cause supports a stay, *nunc pro tunc*, of that deadline and all other case deadlines

pending resolution of Defendants' appeal.

5.      A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 731 (D.C. Cir. 2012) (when a stay is issued "pursuant to the district court's inherent authority in the interest of judicial economy, 'the applicable jurisprudence appears in [*Landis*]'") (citations omitted).  Courts consider three factors on a motion for stay: "(1) harm to the nonmoving party if a stay does issue; (2) the moving party's need for a stay—that is, the harm to the moving party if a stay does not issue; and (3) whether a stay would promote efficient use of the court's resources." *National PFAS Contamination Coalition v. U.S. EPA*, 2023 WL 22078, at *3 (D.D.C. Jan. 3, 2023).

6.      Each of the relevant factors weighs in favor of a stay of proceedings here.  There is no risk of prejudice to Plaintiffs from staying further proceedings because the D.C. Circuit denied the government's motion for a stay pending appeal. *See Neguse v. U.S. Immigration and Customs Enforcement*, No. 26-5072 (D.C. Cir. May 8, 2026).  Accordingly, the conduct "that form[s] the heart of Plaintiffs' objections [is] currently—and will remain—enjoined." *Whitman-Walker Clinic, Inc. v. U.S. Dep't of Health & Human Servs.*, 2021 WL 4033072, at *2 (D.D.C. Sep. 3, 2021) (granting stay).  Put simply, Plaintiffs are fully protected by this Court's order during the pendency of the government's appeal.

7.      Moreover, further district court proceedings would be prejudicial to Defendants because they would require the expenditure of scarce government resources litigating a dispute over which an appellate court may decide this Court lacks jurisdiction. *See Chinatown Serv. Ctr. v. U.S. Dep't of Health & Hum. Servs.*, No. 21-cv-331-JEB, 2021 WL 8316490, at *2 (D.D.C. Oct. 13, 2021) (staying district court proceedings to "preserve resources").  Indeed, Defendants' appeal concerns the same issues that the parties and this Court would be required to address if district court proceedings were

3

not stayed. "[L]itigating essentially the same issues in two separate forums is not in the interest of judicial economy or in the parties' best interests." *InfraRed Env't Infrastructure GP Ltd. v. Kingdom of Spain*, 2021 WL 2665406, at *5 (D.D.C. June 29, 2021); *see also* Wright & Miller, *Federal Practice and Procedure* § 3921.2 (3d ed. 2024) ("[I]t would be advisable for the district court to determine whether the same issue has been presented on appeal, and to defer action when it seems reasonably probable that appellate decision of the same question is imminent.").

8.      Finally, and for this same reason, a stay of proceedings in this court pending appeal would most efficiently preserve judicial resources. Indeed, "because this stay does not involve a separate proceeding, there is no question that there is a sufficient 'degree of overlap' so that a stay will serve judicial economy.'" *Kuang v. U.S. Dep't of Defense*, 2019 WL 1597495, at *6 (N.D. Cal. Apr. 15, 2019). For this reason, courts have repeatedly recognized that a stay of district court proceedings "to await a federal appellate decision that is likely to have a substantial or controlling effect on the claims and issues in the stayed case" is "at least a good, if not an excellent" reason to stay district court proceedings. *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1998 (11th Cir. 2009). *See, e.g., Ready to Win v. Fed. Election Comm'n*, 2023 WL 10512144, at *2 (D.D.C. July 28, 2023); *Blumenthal v. Trump*, 2019 WL 3948478, at *3 (D.D.C. Aug. 21, 2019); *Philipp v. Federal Republic of Germany*, 253 F. Supp. 3d 84, 89 (D.D.C. 2017); *University of Colo. Health at Mem'l Hosp. v. Burwell*, 233 F. Supp. 3d 69, 88 (D.D.C. 2017); *Allina Health Servs. v. Sebelius*, 756 F. Supp. 2d 61, 71 (D.D.C. 2010).

For these reasons, Defendants respectfully seek a stay of all case deadlines—including, *nunc pro tunc*, Defendants' deadline to serve a responsive pleading to the amended complaint—pending an order from this Court following a joint status report proposing deadlines for further proceedings, with such status report to be filed within 14 days from the expiration of the time to seek certiorari, from any order denying certiorari, or, if certiorari is granted, from any opinion issued by the Supreme Court following a grant of certiorari. A proposed order is attached.

Dated:  June 25, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

*/s/  Alexander W. Resar*
ALEXANDER W. RESAR
(N.Y. Bar No. 5636337)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20530
Tel:  (202) 616-8188
E-mail: alexander.w.resar@usdoj.gov

*Counsel for Defendants*

5