**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JOE NEGUSE, in his capacity as a Member of
the U.S. House of Representatives, *et al.*,

Plaintiffs,

v.

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT, *et al.*,

Defendants.

Case No. 25-cv-2463 (JMC)

**ORDER**

Defendants have moved for a stay of all case deadlines, including, *nunc pro tunc*, Defendants' deadline to serve a responsive pleading to the amended complaint, during the pendency of Defendants' interlocutory appeal of this Court's March 2, 2026 order. *See* ECF 67. While the deadline to serve a responsive pleading to Plaintiffs' amended complaint was February 9, 2026, Defendants did not serve a responsive pleading by that date. Plaintiffs oppose the motion in part. *See* ECF 68. They agree that the need to conserve party and judicial resources justifies staying Defendants' deadline to respond to the complaint, but oppose a stay of other deadlines, including the deadline to produce the administrative record. *Id.* at 3–4. Plaintiffs also move to compel production of the administrative record. ECF 69.[1]

A "District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). In exercising this discretion,

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this order, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

1

the Court must "weigh competing interests and maintain an even balance[] between the court's interests in judicial economy and any possible hardship to the parties." *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 732 (D.C. Cir. 2012).

First, the Court finds that staying deadlines would impose minimal harm on Plaintiffs. Plaintiffs' challenges have been directed, first and foremost, to Defendants' seven-day notice requirement and categorical exclusion of field offices from the scope of the relevant appropriations rider, as articulated in Defendants' June 2025, January 8, 2026, and February 2, 2026 memoranda and policy documents. The Court has stayed those policies under 5 U.S.C. § 705, *see* ECF 37, ECF 62, meaning that Defendants' "alleged ongoing violations" and Plaintiffs' harm from those violations will not "continue unabated during the pendency of a stay," *Ctr. for Biological Diversity v. Ross*, 419 F. Supp. 3d 16, 20 (D.D.C. 2019); *Whitman-Walker Clinic, Inc. v. U.S. Dep't of Health & Hum. Servs.*, No. 20-cv-1630, 2021 WL 4033072, at *2 (D.D.C. Sept. 3, 2021) (finding minimal harm to plaintiffs when the agency action that "form[ed] the heart of [their] objections" was "currently—and will remain—enjoined"). Plaintiffs argue that the production of the administrative record is necessary because it would "inform Plaintiffs' decisions regarding" seeking "additional relief in this case," including a purported arbitrary and capricious challenge related to Defendants' policies regarding privacy-release waivers, which Plaintiffs note that the Court declined to address in its most recent decision. ECF 68 at 4. But again, it did not appear to the Court that a challenge to these waivers—or any purported policy regarding these waivers—was properly encompassed in Plaintiffs' amended complaint or request for preliminary relief. *See* ECF 61 at 13 n.3; *see also* ECF 53 ¶¶ 393–425 (not discussing these waivers or purported policies regarding the waivers in Plaintiffs' "claims for relief"). Plaintiffs also claim that they require the administrative record to determine how to respond to additional steps that Defendants have purportedly taken to "obstruct

and otherwise evade oversight of immigration detention facilities" subsequent to the enactment of the challenged oversight visit policies and this Court's March 2026 order. ECF 68 at 5. This includes Defendants' issuance of a new memorandum in May 2026 regarding congressional visitors' access to detainees during facility visits. *Id.* at 6; *see* ECF 68-4. The existence of new policies or actions by Defendants not yet within the scope of the lawsuit does not weigh in favor of Plaintiffs' need for the administrative record regarding prior policies which are presently stayed.[2] *Banner Health v. Sebelius*, 905 F. Supp. 2d 174, 186 (D.D.C. 2012) ("Plaintiffs challenging administrative action ordinarily are not entitled to discovery beyond the administrative record compiled by the agency.").

Plaintiffs have not shown the "fair possibility that the stay" of the case as it currently stands "will work damage" to them during the pendency of the interlocutory appeal. *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). When this lack of harm is weighed against the need to conserve judicial resources and the prejudice to the Defendant, the Court determines that a stay is justified. *See Chinatown Serv. Ctr. v. U.S. Dep't of Health & Hum. Servs.*, No. 21-cv-331, 2021 WL 8316490, at *2 (D.D.C. Oct. 13, 2021) (granting stay when there was a lack of prejudice to either side and the existence of a need to "preserve resources"). As for the need to conserve judicial resources, Defendants' appeal to the D.C. Circuit raises "several dispositive issues," including the

---

[2] On that point, Plaintiffs claim that they need the administrative record in order to "determine whether" certain new restrictions imposed by Defendants on congressional visitors are "encompassed within the policies that Plaintiffs are challenging." ECF 68 at 5. But the new policies that Plaintiffs describe are not ones that have been previously articulated in any memoranda or policy document previously challenged before this Court. Plaintiffs cannot in this fashion avoid the requirements of amendment or supplementation of their pleadings to bring new claims or challenge new agency actions. *See Ctr. for Biological Diversity v. U.S. Army Corps of Eng'rs*, No. 20-cv-103, 2021 WL 14929, at *2 (D.D.C. 2021) ("[B]ecause the Corps contemplates taking a new, final agency action, it seems likely that Plaintiffs would need to file a supplemental complaint challenging that action."); *Asylumworks v. Mayorkas*, No. 20-cv-3815, 2023 WL 2733722, at *6 (D.D.C. Mar. 31, 2023) ("Plaintiffs may challenge the sufficiency of any further agency act or the reasonableness of the agency's delays in a separate action with the filing of a new complaint."); *Familias Unidas Por La Justicia, AFL-CIO v. U.S. Dep't of Lab.*, No. 2:24-cv-00637, 2025 WL 2107524, at *5 (W.D. Wash. July 28, 2025) ("Courts have . . . held that a plaintiff can amend a complaint to add claims based on agency action that is taken after a lawsuit is filed."). This does not qualify as a harm weighing against staying proceedings regarding Plaintiffs' existing claims, for which, again, the Court has granted undisturbed preliminary relief.

question of Plaintiffs' standing to bring this suit and thus the Court's "jurisdiction to hear Plaintiffs' claims." *Philipp v. Fed. Republic of Germany*, 253 F. Supp. 3d 84, 89 (D.D.C. 2017). This issue would likely be the subject of any dispositive motion filed by Defendants. *See* ECF 70 at 3 (saying as much). Because this key dispositive issue "may be resolved by the D.C. Circuit, and because the D.C. Circuit may otherwise provide instruction on the issues here, the Court finds a stay would serve the interests of judicial efficiency." *Univ. of Colorado Health at Mem'l Hosp. v. Burwell*, 233 F. Supp. 3d 69, 88 (D.D.C. 2017). As for prejudice to Defendants, the Government has argued that further proceedings would be prejudicial because they would require the expenditure of "scarce government resources litigating a dispute over which an appellate court may decide this Court lacks jurisdiction." ECF 67 at 3. This harm, which largely merges into the judicial efficiency concern, is sufficient under the circumstances given the lack of harm to Plaintiffs arising from the stay. *Whitman-Walker Clinic, Inc.*, 2021 WL 4033072, at *4 (granting stay where there was a need to "preserve resources and because of a lack of prejudice to Plaintiffs," without addressing any specific harms to Defendants); *see also Landis*, 299 U.S. at 255 (noting that the party requesting a stay must "make out a clear case of hardship or inequity in being required to go forward," in the case that there is a "fair possibility that the stay for which he prays will work damage to some one else").

The Court will therefore grant Defendants' request to stay pending deadlines in this case, including, *nunc pro tunc*, Defendants' deadline to respond to the amended complaint, and the deadline to produce the administrative record.[3] Should circumstances change "such that the court's

---

[3] In their reply in support of the motion to compel the administrative record, Plaintiffs argue that Defendants have not demonstrated "excusable neglect" such that the Court could, *nunc pro tunc*, extend Defendants' deadline to produce the administrative record under Federal Rule of Civil Procedure 6(b)(2). *See* ECF 72. First, the Court finds this argument somewhat incongruous, given that Plaintiffs do not object to Defendants' request to stay the deadline to respond to or answer the complaint, given that this deadline is the trigger for filing the administrative record under the Local Rules. *See* LCvR 7(n). Second, the "determination" of excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," and the Court finds it satisfied under the

reasons for imposing the stay no longer exist or are inappropriate," either side may move to lift the stay. *Marsh v. Johnson*, 263 F. Supp. 2d 49, 52 (D.D.C. 2003). In any event, the Parties shall file a joint status report within 14 days of the D.C. Circuit's decision in this matter proposing next steps for further proceedings. In light of the grant of the stay, Plaintiffs' motion to compel the administrative record is denied.

Accordingly, it is hereby

**ORDERED** that Defendants' Motion for Stay of District Court Proceedings Pending Appeal, ECF 67, is **GRANTED**, and Plaintiffs' Motion to Compel the Administrative Record, ECF 69, is **DENIED**; it is further

**ORDERED** that all pending deadlines in this matter are **STAYED** pending the D.C. Circuit's decision regarding Defendants' appeal of the Court's March 2, 2026 order; it is further

**ORDERED** that the Parties shall file a joint status report within 14 days of the D.C.

---

specific circumstances of this case. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *In re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1209 (D.C. Cir. 2003) (applying *Pioneer* to Rule 6(b) analysis). While Defendants have provided little to no explanation of the reason for their failure to comply with these deadlines or request an extension, the Court has determined that delaying production of the administrative record regarding the policies that are presently under consideration and have already been stayed by the Court will not prejudice Plaintiffs. *See Pioneer*, 507 U.S. at 395 (asking the Court to consider the "danger of prejudice" and "the reason for the delay, including whether it was within the reasonable control of the movant"). The Court also considers the "potential impact on judicial proceedings," *id.*, which in practice have been minimal. The challenged policies have been stayed since March 2026, and Plaintiffs did not appear to raise the issue of the administrative record deadline with Defendants until June 2026, three months after the Court's entry of preliminary relief. *See* ECF 68-3 at 6. The Court had not yet set a schedule for summary judgment proceedings, nor was it inclined to do so given the pendency of the interlocutory appeal on key, potentially dispositive threshold issues in the D.C. Circuit. And while it is not the Court's role to manufacture justifications for Defendants' failure to abide by its obligations regarding the administrative record, the Court is also aware that the intervening months have involved active briefing of those potentially dispositive issues on appeal, which may have contributed to Government's neglect of the proceedings here. *Cf. FG Hemisphere Assocs., LLC v. Democratic Republic of Congo*, 447 F.3d 835, 841 (D.C. Cir. 2006) ("[P]reoccupation with other litigation may even strengthen a finding of excusable neglect."). Given that the *Pioneer* analysis is at heart context-dependent, and "not limited strictly to omissions caused by circumstances beyond the control of the movant," *In Re Vitamins Antitrust*, 327 F.3d at 1210, the Court finds that the totality of the relevant circumstances support a finding of excusable neglect which would permit the Court to excuse Defendants' missed deadlines prior to staying them.

Circuit's decision proposing next steps for further proceedings.

**SO ORDERED.**

                                                _____

                                                JIA M. COBB
                                                United States District Judge

Date: July 27, 2026